# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Enaebi Teibowei, | ) |
|                 Plaintiff, | ) Case No.: |
| vs. | ) **COMPLAINT AND DEMAND** |
| I.Q. Data International, Inc. | ) **FOR JURY TRIAL** |
|                 Defendant. | ) |

COMES NOW the Plaintiff Enaebi Teibowei, by and through his attorneys, Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 *et seq*. and the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601 *et seq*. (hereinafter referred to as the "NCPA") In support of his claims, Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claim on which this suit is based happened in this Judicial District.

3. That Enaebi Teibowei is a resident of Omaha, Nebraska.

1

4. That Defendant I.Q. Data International, Inc., is a debt collector doing business collecting debts in this state for others.

## FACTUAL BACKGROUND

5. That at all times relevant hereto, Defendant I.Q. Data International, Inc., was attempting to collect an alleged credit account alleged to be in default by the Plaintiff for personal, family, or household purposes.

6. Plaintiff disputed a trade line by I.Q. Data International, Inc., for an alleged obligation for a lease from original creditor TOWNE CROSSING, TX, lease on his credit report.

7. Defendant I.Q. Data International, Inc., was given actual notice that the alleged debt did not belong to Plaintiff and that he was the victim of theft of identity.

8. Defendant sent Plaintiff a letter dated September 7, 2021 (attached the purpose of which was to attempt to collect the alleged lease account for TOWNE CROSSING. Attached hereto as Exhibit "A" and incorporated herein by this reference is a copy of said letter.

9. The collection letter reads in part:

> As of the date of this letter, you owe $4484.97. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater…..

10. This language is misleading and confusing because these charges, including interest, are not authorized in the underlying agreement or allowed by law.

11. Additionally, Defendants continue to attempt to collect on an account that is not owed. Plaintiff asserts that he never sought or signed a lease with TOWNE CROSSING and is the victim of theft of identity.

12. Plaintiff disputed the account once again in response to Defendant's September 7, 2021 letter again advising that the alleged debt is not his account.

13. Defendant I.Q. Data International, Inc., sent Plaintiff another letter dated September 28, 2021 in response to Plaintiff's letter of dispute to the credit bureaus and the Defendant. That letter contained an unsigned lease and purported account history.

14. Attached hereto as Exhibit B and incorporated herein is the September 28, 2021 letter. The letter again requests payment arrangements on the disputed account.

15. <u>Exhibits A and B</u> are confusing and misleading because they attempt to collect amounts that are not owed, and attempt to collect charges not authorized in an underlying agreement or allowed by law.

16. Plaintiff was confused and misled by Defendant's letters.

17. The Defendant reported to the credit bureaus that the account Plaintiff disputed is verified.

## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for his Cause of Action against the Defendant, states and alleges as follows:

18. Plaintiff is a natural person and "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (a)(3).

19. Defendant is a collection agency engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. 1692(a)(6).

20. At all times relevant hereto, the Defendant was attempting to collect an alleged credit account against Plaintiff for an alleged residential lease alleged in default used for personal, family or household purposes.

21. During the course of attempting to collect the alleged debt, Defendant:

    a) Made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. §1692e;

    b) made the false representation of the character, amount or legal status of the alleged account in violation of 15 U.S.C. § §1692e(2)(A),

c) attempted to collect amounts (including any interest fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law,

d) communicated credit information which is known or should be known to be false.

22. As a direct and proximate result of these acts, Plaintiff suffered damages, including ongoing emotional distress and inconvenience and damage to his credit.

23. Plaintiff was confused by the Defendant's letters. Defendant's misleading collection letter is a material violation of the FDCPA and establishes Plaintiff's standing to bring this case. *Tourgeman v. Collins Fin. Serves., Inc.*, 755 F.3d 1109 (9th Cir. 2014).

24. Defendant's letters create a sufficient risk of harm contemplated by the FDCPA, and constitutes a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

WHEREFORE, Plaintiff prays for a judgment against the Defendant for statutory damages, general damages, actual damages, statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

## CAUSE OF ACTION NO. 2
## NEBRASKA CONSUMER PROTECTION ACT

25. Plaintiff repeats and incorporates the foregoing allegations contained above as if fully set forth herein.

26. These events and violations also constitute violations of the Nebraska Consumer Protection Act, (NCPA) Neb. Rev. Stat. § 59-1609 et seq. and entitles Plaintiff to statutory and actual damages, injunctive relief, attorney fees and costs.

27. Bringing this case is in the public interest to stop debt collectors from using deceptive means when attempting to collect debts, to decrease the risk and putting them in positions where they are unable to make informed decisions on how to respond to communications from a debt collector. See *Tourgeman,* 755 F.3d at 1121.

28. It is also in the public interest "by ensuring that consumers are fully and truthfully apprised of the facts and of their rights, the FDCPA enables them `to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.'" *Clark v. Capital Credit & Collection Serv., Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

WHEREFORE, Plaintiff requests that a judgment be entered in his favor against Defendant, as follows:

   A. Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;
   B. Awarding actual damages to the Plaintiff;
   C. Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 et seq.; and
   D. Enter such additional relief as the Court may find to be just and proper.

Dated: November 7, 2021

Enaebi Teibowei, Plaintiff,

By: */s/ Pamela A. Car*
Pamela A. Car, #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., L.L.O.
2120 South 72nd St., Suite 1125
Omaha, NE 68124
(402) 391-8484 Telephone
(402) 391-1103 Facsimile
E-mail: pacar@cox.net
Attorneys for the Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in Omaha, Nebraska.

By: */s/Pamela A. Car*